IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 2:16-cr-00121-DCN |
| v. | ) | |
| | ) | **ORDER** |
| GARNDELL JEROME MACON, JR., | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter comes before the court on defendant Garndell Jerome Macon, Jr.'s ("Macon") motion in limine to exclude evidence of Macon's prior convictions relating to unlawful possession of firearms as "prior bad acts" under Federal Rule of Evidence 404(b). The court denies Macon's motion in limine.

## I. BACKGROUND

On October 10, 2017, Charleston Police Department officers Mallek and Newcomb were on routine patrol in the parking lot of the Palace Apartments at 1000 King Street in Charleston, South Carolina. The officers observed a number of individuals loitering in the parking lot and the odor of marijuana around a black Honda CRV ("Honda CRV") located on the south side of the parking lot. The officers observed two individuals place a digital scale on the hood of the Honda CRV and quickly walk away. After searching around the Honda CRV, the officers found plastic baggy pieces, a digital scale, and multiple cigar wrappers. Officer Harkins, another officer in the Charleston Police Department, was then called to the scene. Harkins observed a black male with dreadlocks pick up a digital scale that had been on the hood of the Honda CRV, open the rear driver-side door, and remove a firearm. Officers Mallek and Newcomb then

1

observed a black male matching the description provided to them by Officer Harkins running from the Honda CRV towards the front entrance of the apartment building, and entering a doorway on the south side of the first-floor hallway.

Officers Mallek and Newcomb then entered the apartment building and waited outside of apartment 106, the apartment that the officers had seen the suspect run into. Lasheaka Nelson ("Nelson"), the tenant of apartment 106, opened the door to the apartment and informed the officers that her cousin Macon—a black male with dreadlocks who matched the description of the suspect—was inside the apartment and provided her verbal consent to the officers to enter the apartment. The officers detained Macon inside the apartment, and after some time, Charleston Police Department Sgt. LaFromboise entered the apartment and spoke with Nelson, who again provided consent to search the apartment. Nelson was then provided a "consent to search" form, which she signed.

After Nelson signed the consent form and Macon had been detained in the living room, the officers went to the bedroom and lifted the mattress off the bed, finding a .45 caliber Glock 21 between the mattress and the box spring. The officers then arrested Macon, and during the resulting search of his person, found a plastic baggy of marijuana in Macon's right sock. The officers then went to the parking lot of the Palace Apartments and searched the Honda CRV. The officers found a .40 caliber Smith and Wesson XD handgun on the rear floorboard behind the driver's seat of the Honda CRV.

Macon was indicted on multiple counts of being a felon in possession of a firearm, in violation of U.S.C. Title 18 §§ 922(g)(1), 924(a)(2), and 924(e). Before trial, Macon sought to exclude his prior convictions relating to unlawful possession of firearms

under Federal Rule of Evidence 404(b). On August 7, 2017, the court held a hearing on Macon's motion in limine. After the hearing, the court denied Macon's motion. This order supplements that previous ruling.

## II. STANDARD

The purpose of a motion in limine is to obtain a preliminary ruling on the admissibility of a particular evidentiary matter. Luce v. United States, 469 U.S. 38, 40 n.2 (1984). A court will exclude evidence on a motion in limine only if the evidence is "clearly inadmissible for any purpose." Hall v. Sterling Park Dist., 2012 WL 1050302, at *2 (N.D. Ill. Mar. 28, 2012).

## III. DISCUSSION

The government intends to use Macon's prior convictions relating to unlawful possession of firearms as evidence. ECF No. 78. Namely, the government wishes to introduce: (1) a March 2004 arrest and conviction for unlawful carrying of a weapon, unlawful possession of a pistol in March 2004; (2) a November 2006 arrest and conviction for unlawful possession of a pistol; (3) a November 2011 arrest and conviction for unlawful possession of a pistol as a convicted felon. The government argues that this evidence is admissible to show Macon's intent, motive, knowledge, and absence of mistake or accident relating to his possession of firearms as charged in the indictment. The government further contends that these past convictions are especially salient given that Macon's theory of the case is that he was never in possession of the firearms on October 7, 2015, and that he is the victim of police misconduct and had no knowledge of either gun that was found. Macon objects to the introduction of this 404(b) evidence, arguing that evidence that he possessed a firearm outside the dates of the charged offense

is inadmissible under Rule 404(b) because its only purpose is to show his propensity to possess a firearm. The court overrules Macon's objection and admits Macon's prior convictions.

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Fed. R. Evid. 404. The rule generally provides for the admission of all evidence of other acts relevant to an issue in the trial, unless the evidence is introduced to prove criminal propensity or is unfairly prejudicial. See United States v. Segien, 114 F.3d 1014, 1022 (10th Cir. 1997), overruled on other grounds by Jones v. United States, 526 U.S. 227, 229 (1999). The other-bad-acts evidence is admissible under Rule 404(b) so long as it is (1) relevant to an issue other than character, (2) necessary to prove an element of the charged offense, (3) reliable, and (4) more probative than prejudicial. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).

The law is clear that evidence of prior convictions for possessing firearms as a convicted felon may be admitted in a 922(g) prosecution. See United States v. Stewart, 628 F. App'x 179, 182 (4th Cir. 2015), cert. denied, 136 S. Ct. 1227 (2016) (Holding that district court did not abuse discretion in admitting evidence of defendant's two prior convictions for being a felon in possession of a firearm in a prosecution for a felon in possession); United States v. McDonald, 211 Fed. Appx. 222, 225 (4th Cir. 2007) (per curiam) (holding that evidence that defendant "had previously been arrested for the possession of a firearm was relevant to his knowledge and intent to possess the handgun

4

recovered here"); United States v. Moran, 503 F.3d 1135, 1144 (10th Cir. 2007) ("[T]he fact that [defendant] knowingly possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."). However, some courts have ruled that to bypass the 404(b) hurdle the government should make an argument that the circumstances under which this particular incident occurred are similar to the circumstances of Macon's past convictions. See e.g., United States v. Trent, 443 Fed. App'x. 860, 863 (4th Cir. 2011) (affirming district court's admission of evidence that the defendant possessed uncharged firearms three and four years prior where, like the case before it, the defendant fled from the police in his vehicle and tried to dispose of those handguns). The government has made no such showing here.

Evidence of Macon's arrests and subsequent convictions are extrinsic to the charged conduct, so it falls under 404(b), but it must still fulfill the four-factor test outlined in Queen. Each of those factors is fulfilled here. First, the convictions are relevant to the issue of whether Macon was charged with this offense as a result of police misconduct and mistaken identity—as the D.C. Circuit outlined in United States v. Cassell, 292 F.3d 788, 794–95 (D.C. Cir. 2002), "[a] prior history of intentionally possessing guns, or for that matter chattels of any sort, is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so." Second, the evidence is necessary to prove an element of the charged offense because in a § 922(g) case, possession of other firearms at other times is relevant to the defendant's "knowingly and intentionally possessing" the charged firearms. United States v. Dumire, 2016 WL 4507390, at *6 (W.D. Va. Aug. 26, 2016). Third, the evidence of Macon's prior

convictions is likely reliable—or at the very least, there is nothing before the court that seriously calls into question the reliability of such evidence for Rule 404(b) purposes. The fourth Queen factor incorporates Rule 403's requirement that the probative value of such evidence outweighs any prejudicial effect to be admissible. "Evidence is unfairly prejudicial . . . when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006). In this case, the introduction of this evidence would not create a genuine risk that jurors would be excited to irrational behavior because that evidence does "not involve conduct any more sensational or disturbing than the crimes with which [Macon is] charged." United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (citing United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990)).

The court now turns to the Fourth Circuit's recent ruling in US v. Hall, 858 F.3d 254 (4th Cir. 2017). The court notes that while there is a glancing reference to Hall in Macon's motion, he cites it only to reiterate the Queen factors—there is no discussion of Hall's significance to the 404(b) analysis in this case. In US v. Hall, the Fourth Circuit held that a defendant's prior conviction for possession of marijuana was not admissible to prove his intent to distribute marijuana found inside a locked bedroom. In Hall, the government introduced the name and date of the defendant's prior convictions, but did not offer any information regarding the facts and circumstances giving rise to each of those convictions to establish the factual nexus required to establish that the prior convictions were admissible under 404(b) to provide knowledge and intent. That is exactly what the government did here, in that it introduced a record of Macon's prior

6

convictions into the evidence without discussing any similarities between the underlying circumstances of those prior convictions and the facts of this case. Certainly, just as the "fact of a defendant's past involvement in drug activity does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct," Macon's past unlawful possession of a firearm does not in and of itself provide a sufficient nexus to the charged crime. 858 F.3d at 274–75. The court is troubled by Hall and its implications for a case such as this, as by admitting the convictions without being presented with any argument or evidence with regard to the factual similarities between Macon's prior convictions and the circumstances surrounding the instant case the court may have admitted Macon's prior convictions in error.[1] The court leaves this as an issue for appellate review.

---

[1] The court notes that the Hall court discussed at some length the "dearth of evidence" supporting the government's position that the defendant had the power to exercise dominion and control over the marijuana and guns "enhanced the prejudicial effect" of admitting the prior convictions. 858 F.3d at 270. But here, the evidence supporting Macon's guilt of actually possessing the gun found underneath the mattress and constructively possessing the gun found in the Honda CRV was not the "scarce and equivocal" evidence that troubled the Hall court. Indeed, during trial the evidence was overwhelming that Macon constructively possessed the gun found in the Honda CRV and actually possessed the gun found underneath the mattress at Nelson's home—including a video of him running into the Palace apartments with the gun in his hand. This distinguishes the case at hand from the cases that the Hall court discusses as "possession cases involving similar facts" where the government "failed to introduce sufficient evidence to support a finding that a defendant constructively possessed contraband." Hall, 858 F.3d at 271. Because there was plentiful evidence introduced at trial specifically connecting Macon to the gun found in the Honda CRV, and the probative value of Macon's prior possession of a firearm convictions is relevant to prove both his knowledge of the guns and to rebut his "innocent victim of police misconduct" defense, there is not a "strong and unacceptable likelihood" that the jury concluded that Macon had a propensity for unlawfully possessing firearms and convicted on that basis alone.

But the court acknowledges that had the attorneys brought this Hall case before it at the time it made its decision on the admission of the convictions, the court would likely not have admitted Macon's prior convictions if the government did not provide a sufficient nexus. Furthermore, the order from the bench admitting Macon's prior

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Macon's motion in limine.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 23, 2018
Charleston, South Carolina**

---

convictions under 404(b) was made before the court heard any of the other testimony linking Macon to the guns. The trial testimony does not excuse the fact that the government introduced Macon's prior convictions without providing a sufficient factual nexus—or indeed, any nexus at all.